UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00003-JHM

MICHAEL GILMORE, JR.                                                                             PLAINTIFF

V.

AMY BRADY, ET AL.                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants Amy Brady and Lironda Hunt for Summary Judgment [DN 20 , DN 21]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Michael Gilmore, Jr., was incarcerated as a pre-trial detainee at the Henderson County Detention Center ("HCDC"). He filed a *pro se* civil rights action under 42 U.S.C. § 1983, alleging that HCDC, HCDC Jailer Amy Brady, and HCDC Officer Hunter tampered with his legal mail on December 16, 2020, December 23, 2020, and December 30, 2020. [DN 1]. Gilmore alleges that Defendants Brady and Hunt in both their official and individual capacities opened Gilmore's legal mail in his presence and then took it and scanned it onto an unsecure tablet system where it could be read or accessed by others. [DN 1, DN 13]. Gilmore argues that he cannot fight his criminal case "the right way cause I fear they have read my legal mail and gave information to the prosecution office." [DN 1 at 4]. Specifically, he states that "[w]hat is said between me and my Attorney is confidential . . . and taking my legal mail away from me is breaking confidentiality between the [two] of us." [*Id.*]. As a result of this violation, Gilmore claims he plead guilty to the

1

criminal charge. Gilmore asserts a First Amendment claim against Henderson County and the two individual defendants.

Defendants Henderson County, Brady, and Hunt now file this motion for summary judgment arguing that Gilmore provided no evidence to demonstrate that the HCDC's mail policy violates the First Amendment. [DN 20, DN 21]. Defendants provide exhibits of HCDC's mail policies that show the procedures for inmates receiving their mail are private and argue that HCDC's policies related to opening inmate mail are constitutional because they appropriately account for prison security concerns. Defendants explain that legal mail was previously delivered directly to the inmate, unopened. [DN 20 at 1]. However, due to a recent uptick in contraband and other material being smuggled into HCDC through the mail, including in envelopes fraudulently labeled "legal mail," HCDC changed its policy in September 2020. [*Id.*; DN 20-1]. Now, HCDC's practice is to open, but not read, an inmate's legal mail in the inmate's presence to confirm it does not contain contraband. Afterwards, the envelope's contents are electronically scanned into that inmate's mail account, which the inmate can access via a password-protected tablet system operated by Global Tel Link ("GTL"), a company that provides telecommunication and technology services specifically to correctional facilities. [DN 20 at 1–2]. The physical mail is then placed in the inmate's property storage. Defendants provide the affidavit of HCDC Officer Hunt in which she avers that at no point did she ever read an inmates' legal mail, and that each inmate can access his mail via a personal tablet. [Hunt Aff., DN 20-2].

In response, Gilmore argues that legal mail from attorneys, courts, or other public officials shall not be read by HCDC employees without a court order. He maintains that evidence of the violation of his First Amendment rights is demonstrated by a copy of his request to HCDC—Request Number 121075693 dated March 24, 2021—in which he requested to sign legal

paperwork from his attorney and Officer Hunt provided the exact document Gilmore needed to sign. [DN 32-3]. Gilmore contends that Officer Hunt would not have "know[n] exactly what I needed to sign if she . . . didn't read it." [DN 32 at 2]. Gilmore also tendered a copy of the HCDC mail policy and a copy of three mail log notifications dated May 6, 2021, May 5, 2021, and May 3, 2021, on which he claims his signature was forged. [DN 32-1, DN 32-2].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

The First Amendment protects a prisoner's right to receive mail, but prison officials may impose restrictions on the receipt of mail that are reasonably related to security and other legitimate penological objectives. *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). This includes opening a prisoner's mail "pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993)). But when the mail is "legal mail," the Court has a heightened concern with allowing prison officials uninhibited access, because a prison's security interests do not automatically supersede a prisoner's First Amendment right to receive correspondence that relates to the prisoner's legal rights, attorney-client privilege, or access to the courts. *Id.* at 874.

In an effort to balance both the security interests of the prison and the First Amendment rights of the inmate, courts have approved prison policies that permit prison officials to open "legal mail" and inspect it for contraband in the presence of the prisoner. *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539 (1974); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). Accordingly, even constitutionally protected mail can be opened—but not read—by prison officials for the purpose of inspecting it for contraband. Such activity must occur in the presence of the recipient inmate. The Federal Bureau of Prisons' policy on legal mail reflects this rule. *See* 28 C.F.R. § 540.12(b); 28 C.F.R. § 540.18(a). Additionally, Kentucky law expressly permits delivery of legal mail to the prisoner via an electronic copy provided on a secure, personal account after being opened and inspected for contraband in the presence of the prisoner. KRS § 441.055(a)(2)(d). *See also Chapman v. Henderson Cty. Det. Ctr.*, 4:21-CV-00002-JHM, 2022 WL 109211, at *2 (W.D. Ky. Jan. 11, 2022); *Goncalves v. Green*, 0:21-CV-00044-GFVT, 2022 WL 481246, *1 (E.D. Ky. Feb. 16, 2022).

HCDC's policy of inspecting legal mail for contraband in the presence of the prisoner and then scanning the mail onto a secure electronic tablet system to be read only by the inmate does not violate the foregoing law.  The prison inspected Gilmore's legal mail in his presence.  They then allowed him access to read it through the electronic system.  The Sixth Circuit and the Supreme Court have upheld these policies as constitutional, finding they necessarily account for both the prison's interest in preventing smuggling of illicit substances and the prisoner's First Amendment rights.  *See Wolff*, 418 U.S. at 577; *Sallier*, 343 F.3d at 873–77.  Although Plaintiff has a First Amendment right to be free from unreasonable censorship of his mail, he has no such right that prevents a prison guard from opening his mail in his presence and examining it to determine if the mail is being used as a vehicle for illegal conduct.  *Stanley v Vining*, 602 F.3d 767, 770 (6th Cir. 2010).

Gilmore has provided no evidence that HCDC officials read his legal mail at any point, or that they made his legal mail available to anyone other than Gilmore.  In fact, he merely alleges that someone could have read it when it was scanned into the system.  As evidence that Officer Hunt must have read his legal mail, Gilmore argues that when he requested to HCDC to sign legal paperwork from his attorney, Officer Hunt provided the exact document he needed to sign.  [DN 32-3; DN 20-4 at 3].  However, according to Gilmore's mail history, only one incoming envelope with a return address from his attorney's office was delivered to HCDC in the weeks before Plaintiff's March 24, 2021, request.  [DN 33-2].  Thus, HCDC staff could discern from the envelope which mail Gilmore was requesting to sign.

As further evidence the Defendants read his mail, Gilmore alleges that three of the mail log records dated May 3, May 5, and May 6, 2021, reflect a forgery of his signature.  Despite this new allegation, Gilmore does not present any evidence that this legal mail was opened outside of

his presence. Additionally, the record also reflects that he signed the guilty plea on March 24, 2021, and entered the guilty plea in Court on April 14, 2021. Thus, the May legal mail did not impact Plaintiff's decision to plead guilty.

Accordingly, Plaintiff's First Amendment claim is insufficient to demonstrate a genuine dispute of material fact.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [DN 20, DN 21] is **GRANTED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 2, 2022

cc: Plaintiff, *pro se*
    Counsel of Record